IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAMIAN DAMEK APODACA,

    Plaintiff,

v.                                                                                     No. CV 13-0235 JH/LAM

CURRY COUNTY DETENTION
CENTER, et al.,

    Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court *sua sponte*. The record indicates that a recent mailing to Plaintiff has been returned undelivered (*Doc. 6*) with a "Return to Sender" and "Unable to Forward" notation on the envelope. The Court's records indicate that the envelope contained a Notice of Electronic Filing of the Court's Order granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis (*Doc. 5*). The record of this case contains no other address for Plaintiff. It, therefore, appears that Plaintiff has been released from custody or transferred without advising the Court of his new address, as required by D.N.M. LR-Civ 83.6, and has severed contact with the Court. Plaintiff's apparent failure to comply with the Court's local rules by failing to advise the Court, in writing, of his current address, demonstrates a lack of interest in litigating his claims, which may subject him to dismissal of this action for lack of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (citations and footnote omitted); *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984) ("Courts have the inherent power to impose a

variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings.") (citations omitted); and *Thornton v. Estep*, No. 05-1263, 209 Fed. Appx. 755, 757, 2006 WL 3705038 (10th Cir. Dec.18, 2006) (unpublished) (holding that the district court did not abuse its discretion by dismissing *pro se* inmate's petition for a writ of habeas corpus for failure to prosecute due to inmate's failure to comply with local rule regarding notification to the court of inmate's change of address, and an inmate "may not shift his burden under the rule [of notifying the Court of his new address] to the department of corrections"). The Court, therefore, will require Plaintiff to show cause why his complaint should not be dismissed. Failure to respond may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED** that, **within fourteen (14) days from entry of this order**, Plaintiff shall file a response with his current address or otherwise show cause why his complaint should not be dismissed. The Clerk is directed to mail a copy of this order to Plaintiff at the address shown on the Court's docket. **Plaintiff is hereby notified that failure to respond to this order may result in dismissal of his case without further notice.**

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**