IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAMIAN DAMEK APODACA,

    Plaintiff,

v.                                                 No. CV 13-0235 JH/LAM

CURRY COUNTY DETENTION
CENTER, et al.,

    Defendants.

## ORDER RE: FILING FEE PAYMENT

**THIS MATTER** is before the Court on Plaintiff's *Petition to Re-open Case (Doc. 11)*, filed May 23, 2013, and construed herein as a motion under Rule 60(b) of the Federal Rules of Civil Procedure. *See Burns v. C.I.A.*, No. 93-5153, 16 F.3d 415 (Table), 1994 WL 36770, at *1 (10th Cir. Feb. 8, 1994) (unpublished) (affirming lower court's construction of a motion to reopen as a Rule 60(b) motion). The Court will defer ruling on the motion pending resolution of an initial filing deficiency.

By order entered on March 28, 2013, the Court ordered Plaintiff to make an initial payment of **$5.35** towards the filing fee. [*Doc. 5*]. Plaintiff's copy of the order was returned undelivered (*Doc. 6*), and Plaintiff did not respond to the order. By subsequent order entered on April 15, 2013, the Court ordered Plaintiff to show cause why his complaint should not be dismissed for failure to advise the Court of his current address. [*Doc. 7*]. Plaintiff's copy of the second order also was returned undelivered (*Doc. 8*) with a notation that Plaintiff was not in custody. Plaintiff did not respond to the second order. On May 6, 2013, the Court dismissed Plaintiff's complaint without prejudice. [*Doc. 10*].

In his motion to reopen, Plaintiff alleges that he never changed his address and, as indicated by the docket, he did not receive copies of the orders entered in this case. [*Doc. 11* at 1]. Plaintiff was entitled to notice of both orders, and it is not clear that he bears responsibility for the failed delivery of his copies of the orders. The Court finds that, upon satisfactory resolution of the statutory partial filing fee payment, the case may be reopened "to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996) (noting standards for relief under Rule 60(b)). The Court will allow Plaintiff time to make the previously-ordered partial payment.

**IT IS THEREFORE ORDERED** that a ruling on Plaintiff's ***Petition to Re-open Case (Doc. 11)***, which is construed as a motion under Rule 60(b) of the Federal Rules of Civil Procedure, is **DEFERRED**;

**IT IS FURTHER ORDERED** that, **within fourteen (14) days from entry of this order**, Plaintiff will either: (1) send to the Clerk the previously-ordered initial partial payment of **$5.35**, or (2) otherwise show why the dismissal order should not remain in effect.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to provide Plaintiff with two copies of this order, a copy of the original payment order (*Doc. 5*), and a copy of the order to show cause (*Doc. 7*), and that Plaintiff is directed to make the necessary arrangements to attach one copy of this order to the check in the amount of the initial partial payment;

**IT IS FINALLY ORDERED** that, after payment of the initial partial fee, Plaintiff make monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account, until the filing fees are paid, or show cause why the designated payments should be excused. The Clerk of the Court is directed to provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff must make the necessary arrangements to have the monthly payments identified by the civil action number on this order.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**